UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ZITO, LLC<br>7137 MAPLE AVENUE<br>TAKOMA PARK MARYLAND 20912<br>　　　　　　　Plaintiff<br>　v.<br><br>BERKSHIRE PRODUCTION SUPPLY LLC<br>d/b/a PT SOLUTIONS, INC.<br>40333 WEST 14 MILE ROAD<br>NOVI, MICHIGAN 48377<br>　　　　　　　Defendant | Civil Action No.:<br><br>2:25-cv-10867 |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff ZITO LLC, by its undersigned counsel, alleges as follows for its Complaint against Defendant Berkshire Production Supply, LLC d/b/a PT Solutions, Inc. (PTS), as follows.

**THE NATURE OF THIS ACTION**

1. Zito brings this action against PTS pursuant to 35 U.S.C. §101 et. seq. and §§271, 281, 283, 284, & 285 inclusive, for infringement of one or more claims of U.S. Patents No. 10,867,461 (the '461 Patent); 11,127,239 (the '239 Patent) and 11,710,364 (the '364 Patent) each entitled "User-Specific Dispensing System."

**THE PARTIES**

2. Plaintiff is a Maryland corporation having an address located at 7137 Maple Avenue, Takoma Park, Maryland 20912. Plaintiff is the owner of the '461, the '239 and the '364 patents-in-suit by assignment.

3. Defendant PTS is a Michigan Corporation with a regular and established place of business in Novi, Michigan in the Eastern District of Michigan. PTS headquarters is located at

40333 West 14 Mile Road, Novi, Michigan 48377. PTS makes, uses, offers to sell, and sells the accused products in Michigan and throughout the United States. The accused products infringe the system claims of the Patents-in-Suit and when used, practice the method claims of the Patents-in-Suit.

## JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the laws of the United States, 35 U.S.C. §271 et seq.

5. This Court has subject matter jurisdiction over this action pursuant to 35 U.S.C. §§271, 281 and 28 U.S.C. §§1331 and 1338(a), federal question.

6. This Court has personal jurisdiction over Defendant because Defendant is located in this district and maintains a regular and established place of business in this District.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1400(a), 1400(b) and based on information set forth herein. Defendant maintains a regular and established place of business in this District which, upon in formation and belief sells, has sold and services and has serviced accused products and has committed acts of infringement, including making, using, selling, and offers to sell infringing products.

## BACKGROUND AND GENERAL ALLEGATIONS

8. ZITO LLC is the current owner and assignee of the patents-in-suit. US Patent 10,867,461 and US Patent 11,127,239 and US Patent 11,710,364. All of which are entitled "User Specific Dispensing System"





HELIX

9. Defendant PTS manufactures, provides, distributes, licenses and sells the Accused Devices known as Advanced Inventory Management Vending Solutions, which infringe the claims of the Patents-in-Suit and are referred to as MATRIX Inventory Management, including the View DLS 13D, View DLS 8D, View ECO Locker, View Helix, View Max, View Mini, Vew DLS-V, View Toolport, and View WIZ.

10. PTS infringes at least:

claims 1 - 21, 23, 25 - 30, 32 - 38, 42 - 43, 46 - 51 and 53 - 55 of the '461 Patent;

claims 1-17 of the '239 Patent; and

claims 1, 2, 4 and 6 - 11 of the '364 Patent.

11. On December 15, 2020, United States Patent No. 10,867,461, entitled "User-Specific Dispensing System " was duly and legally issued by the United States Patent and Trademark Office ("USPTO"). The '461 Patent claims patent-eligible subject matter and is valid and enforceable. ZITO LLC is the exclusive owner by assignment of all rights, title, and interest in the '461 Patent, including the right to bring this suit for injunction and damages, and including the right to sue and recover all past, present, and future damages for infringement of the '461 Patent. Defendant is not licensed to the '461 Patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '461 patent whatsoever. A true and correct copy of the '461 Patent is attached hereto as **Exhibit A**.

12. The '461 Patent is presumed valid under 35 U.S.C. § 282.

13. On September 21, 2021, United States Patent No. 11,127,239, entitled "User-Specific Dispensing System " was duly and legally issued by the United States Patent and Trademark Office ("USPTO"). The '239 Patent claims patent-eligible subject matter and is valid and enforceable. ZITO LLC is the exclusive owner by assignment of all rights, title, and interest in the '239 Patent, including the right to bring this suit for injunction and damages, and including the right to sue and recover all past, present, and future damages for infringement of the '239 Patent. Defendant is not licensed to the '239 Patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '239 patent whatsoever. A true and correct copy of the '461 Patent is attached hereto as **Exhibit B**.

14. The '239 Patent is presumed valid under 35 U.S.C. § 282.

15. On July 25, 2023, United States Patent No. 11,710,364, entitled "User-Specific Dispensing System " was duly and legally issued by the United States Patent and Trademark Office ("USPTO"). The '364 Patent claims patent-eligible subject matter and is valid and enforceable. ZITO LLC is the exclusive owner by assignment of all rights, title, and interest in the '364 Patent, including the right to bring this suit for injunction and damages, and including the right to sue and recover all past, present, and future damages for infringement of the '364 Patent. Defendant is not licensed to the '364 Patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '461 patent whatsoever. A true and correct copy of the '461 Patent is attached hereto as **Exhibit C**.

16. The '364 Patent is presumed valid under 35 U.S.C. § 282.

**THE '461 PATENT**

17. The claims of the '461 patent are directed to "A system to dispense at least one

user-appropriate item." Claim 1 of the '461 patent recites:

> 1. A system to dispense at least one user-appropriate item, said system comprising:
>
> an input device capable of accepting user-specific information of a user;
>
> at least one storage device;
>
> at least one dispensing device;
>
> a processor to interpret the user-specific information and select a type of item for dispensing, and to further select a specific item from the type of item, based on at least one characteristic known about the user, wherein the characteristic comprises at least one of a user location, a biological profile of the user, or a user role within a group; and to send a signal based on the selected specific item to the dispensing device to automatically dispense the selected item; and
>
> wherein the automatic dispensation consists of the selected item, and wherein the user cannot select a different type of item for that dispensation subsequent to the processor selecting the type of item.

**THE '239 PATENT**

18. The claims of the '239 patent are directed to "A method of dispensing at least one user-appropriate item." Claim 1 of the '239 patent recites:

> 1. A method of dispensing at least one user-appropriate item, the method comprising:
>
> identifying a user based on a user identification;
>
> associating user-specific information with the user identification, wherein the user-specific information comprises a user characteristic known about the user, wherein the user characteristic comprises at least one of a user location, a biological profile of the user, or a user role within a group;
>
> selecting at least one type of item appropriate to the user based on the user-specific information;
>
> presenting the user with at least one choice of the at least one type of item appropriate to the user based on the user-specific information;
>
> selecting at least one specific item based on the user's response to the presenting

of at least one type of item;

automatically dispensing the specific item selected; and

wherein the dispensation consists of the selected specific item, and wherein the user cannot select a different type of item for that dispensation after the presenting the user with the at least one choice of the at least one type of item.

**THE '364 PATENT**

19. The claims of the '364 patent are directed to "A system to dispense at least one user-appropriate item." Claim 1 of the '364 patent recites:

> 1. A system to activate at least one user-appropriate type of tool or type of machine, the system comprising:
>
> a first input device operable to identify a user;
>
> at least one type of a tool or a machine, the at least one type of a tool or a machine comprising an item;
>
> a release mechanism to activate the item;
>
> coded instructions configured to associate user-specific information with the user identification and select the at least one item on the basis of the associated user-specific information, and to activate the release mechanism to activate the at least one item;
>
> a processor coupled to the first input device and the release mechanism, the processor operable to execute the coded instructions to associate the user-specific information based on the user identification, to select the at least one item based on the user-specific information, and to activate the release mechanism to activate the at least one item;
>
> wherein the user-specific information comprises at least one of a user location, a biological profile of the user, or a user role within a group; and
>
> wherein the user cannot select a different item for release subsequent to the processor selecting the item

**INFRINGEMENT**

20. Defendant manufactures, sells, leases, services, supplies and offers to sell intelligent vending machines, known as Advanced Inventory Management Vending Solutions, and referred to as "MATRIX Inventory Management."

21. Defendant PTS has, under 35 U.S.C. §271(a), directly infringed, literally and/or under the doctrine of equivalents, one or more claims of the '461 patent, by making, using, testing, selling, offering for sale and/or importing into the United States Defendant's Accused Products.

22. Defendant PTS has, under 35 U.S.C. §271(a), directly infringed, literally and/or under the doctrine of equivalents, one or more claims of the '239 patent, by practicing the claimed method of dispensing user-appropriate items.

23. Defendant PTS has, under 35 U.S.C. §271(a), directly infringed, literally and/or under the doctrine of equivalents, one or more claims of the '364 patent, by making, using, testing, selling, offering for sale and/or importing into the United States Defendant's Accused Products.

24. Plaintiff has conducted a detailed analysis, establishing and confirming that Defendant's Accused Products directly infringe, and that when used according to Defendant's instructions for operation, the accused products directly infringe method claims of the Patents-in-Suit.

25. Recited below is a claim chart demonstrating the correspondence of the accused products with elements of an exemplary claim of the '461 patent.

26. The accused products satisfy the elements of the asserted claims, shown below is an example of the a PTS Advanced Inventory Management Vending Solutions, called the

"Matrix View Helix" which infringes the claims of the Patents-in-Suit and are referred to as compared to exemplary claim 1 of the '461 patent:

> 1. A system to dispense at least one user-appropriate item, said system comprising:



an input device capable of accepting user-specific information of a user;

**Always the Right Tools for the Job**

MATRIX ensures that only authorized tools can be accessed per job, eliminating costly mistakes and scrapped parts.

**Helix**

- High Security-100% Accountability

- Provides secure point-of use distribution

- 2 versions: Main with Touchscreen POU or Aux (add-on)

| at least one storage device; | at least one dispensing device; |
|---|---|

a processor to interpret the user-specific information and select a type of item for dispensing, and to further select a specific item from the type of item, based on at least one characteristic known about the user, wherein the characteristic comprises at least one of a user location, a biological profile of the user, or a user role within a group; and



Matrix requires Login to access inventory



to send a signal based on the selected specific item to the dispensing device to automatically dispense the selected item; and wherein the automatic dispensation consists of the selected item, and wherein the user cannot select a different type of item for that dispensation subsequent to the processor selecting the type of item.



-10-

27. Defendant has infringed, and continues to infringe, at least claims 1 - 21, 23, 25 - 30, 32 - 38, 42 - 43, 46 - 51 and 53 - 55 of the '461 Patent; claims 1-17 of the '239 Patent; and claims 1, 2, 4 and 6 - 11 of the '364 Patent (the asserted claims) under 35 U.S.C. § 271(a) by making, using, distributing offering to sell, selling and/or importing into the United States, systems, and methods that infringe the asserted claims and by performing the claimed methods in the United States and by selling a product for performing the patented process.

28. By engaging in accused activity including making, using, distributing, offering to sell, selling and importing accused products in the United States, defendant infringed the asserted claims.

29. Upon information and belief, Defendant has directly infringed one or more of the asserted claims under 35 USC §271(a):

> "(a) Except as otherwise provided in this title, whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent.

by engaging in accused activity including making, using, distributing, offering to sell, selling and importing accused products in the United States. Defendant continues to infringe the asserted claims.

32. Defendant does not have a license or authority to use the asserted claims .

34. As a result of Defendant's infringement of the asserted claims, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

## COUNT I
## DIRECT INFRINGEMENT OF U.S. PATENT NO. 10,867,461

30. The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

31. Defendant PTS has directly infringed, and continues to directly infringe, at least claims 1 - 21, 23, 25 - 30, 32 - 38, 42 - 43, 46 - 51 and 53 - 55 of the '461 Patent under 35 U.S.C. § 271(a), by making, using, offering to sell, selling and importing the Accused Products.

32. Defendant does not have a license or authority to use the '461 Patent.

33. As a result of PTS's infringement of the '461 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

## COUNT II
## DIRECT INFRINGEMENT OF U.S. PATENT NO. 11,127,239

30. The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

31. Defendant PTS has directly infringed, and continues to directly infringe, at least claims 1-17 of the '239 Patent, under 35 U.S.C. § 271(a), by making, using, offering to sell, selling and importing the Accused Products which are used to practice the claimed method of the '239 Patent in the United States.

32. Defendant does not have a license or authority to use the '239 Patent.

33. As a result of PTS's infringement of the '239 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

## COUNT III
## DIRECT INFRINGEMENT OF U.S. PATENT NO. 11,710,364

30. The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

31. Defendant PTS has directly infringed, and continues to directly infringe, at least claims 1, 2, 4 and 6 - 11 of the '364 Patent under 35 U.S.C. § 271(a), by making, using, offering to sell, selling and importing the Accused Products in the United States.

32. Defendant does not have a license or authority to use the '461 Patent.

33. As a result of PTS's infringement of the '364 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

**PRAYER FOR RELIEF**

A. For a Judgment declaring that Defendant has infringed one or more of the Patents-in-Suit.

B. For a judgment awarding Plaintiff compensatory damages as a result of Defendant's infringement sufficient to reasonably and entirely compensate Plaintiff for infringement of the Patents-in-Suit in an amount to be determined;

C. For a judgement and order awarding a compulsory ongoing royalty;

D. For a judgment declaring that this case is exceptional and awarding Plaintiff its expenses, costs and attorneys' fees in accordance with 35 U.S.C. §285 and Rule 54(d) of the Federal Rules of Civil Procedure;

E. For a judgment awarding Plaintiff prejudgment interest pursuant to 35 U.S.C. §284, and a further award of post judgment interest, pursuant to 28 U.S.C. §1961, continuing

until such judgment is paid; and.

  F. For a judgment awarding Plaintiff enhanced damages under 35 U.S.C. §284; and

  G. For such other relief to which Plaintiff is entitled under the applicable United States laws and regulations or as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to the Federal Rules of Civil Procedure Rule 38(b), Plaintiff hereby demands trial by jury as to all claims in this litigation.

March 27, 2025          Respectfully Submitted:

                 /s/ Joseph J. Zito
                Joseph J. Zito
                DNL ZITO
                1250 Connecticut Avenue, NW Suite 700
                Washington, DC 20036
                jzito@dnlzito.com
                202-466-3500

                *Counsel for Plaintiff*
                *ZITO LLC*